IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WOODBURCK NOE, #148475, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-1158-T |
| ) | [WO] |
| ) | |
| ALABAMA DEPT. OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 7, 2005, Woodburck Noe ["Noe"], a state inmate and frequent litigant in this court, filed a motion for indigency treatment which the court construes as a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a).[1] Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

---

[1] In this motion, Noe states that he has no money or means to pay for court costs and requests that he be allowed to proceed without prepayment of such costs. The only manner in which Noe may proceed before this court without prepayment of fees is upon the granting of *in forma pauperis* status under the provisions of 28 U.S.C. § 1915.

[2] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing

The records of this court establish that Noe, while incarcerated, has on at least seven occasions had 42 U.S.C. § 1983 cases dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of the directives of § 1915(g) by Noe are as follows: (1) *Noe v. McGraw*, Civil Action No. 2:95-CV-1195-T (M. D. Ala. 1995), (2) *Noe v. James*, Civil Action No. 2:94-CV-928-T (M.D. Ala. 1994), (3) *Noe v. Hunt, et al.*, Civil Action No. 2:94-CV-86-A (M.D. Ala. 1994), (4) *Noe v. Boyd, et al.*, Civil Action No. 2:92-CV-1350-A (M.D. Ala. 1992), (5) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-977-D (M.D. Ala. 1992), (6) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-711-H (M.D. Ala. 1992), and (7) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-565-H (M.D. Ala. 1992).[3]

In the instant complaint, Noe asserts that he has been denied access to the courts. In support of this assertion, Noe maintains that on December 2, 2005 the defendants refused to provide him "a 'legal kit' which consisted of two envelopes with ten sheets of paper." *Plaintiff's Complaint* at 3.[4] Noe further complains that on this same date defendant Culver

---

fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

[3]The requisite dismissals are indicated on the docket sheets maintained by this court in the referenced cases.

[4]The filing of this cause of action is a direct contradiction of this assertion as it is clear that on or before December 5, 2005, the day Noe signed the instant complaint, Noe obtained the materials necessary to file a civil action with this court. Moreover, Noe acknowledges that on December 1, 2005 upon his request for materials "to do legal work" defendant Sylvester Nettles provided him with "paper and 2 (two)

violated his constitutional rights when he "grabb[ed] me in the shift commander's office when I just was trying to get stationary to do legal work." *Id.* at 6.

The complaint in this case fails to demonstrate that Noe was "under imminent danger of serious physical injury" at the time he filed this case as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *See Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). Based on the foregoing, the court concludes that Noe's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Noe failed to pay the requisite filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice wen it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Woodburck Noe on December 7, 2005 be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Noe's failure to pay the full filing fee upon the initiation of this case.

---

envelopes . . ." *Plaintiff's Complaint* at 4-5.

It is further

ORDERED that on or before December 27, 2005 the parties may objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of December, 2005.

                                       /s/Charles S. Coody
                                       CHARLES S. COODY
                                       CHIEF UNITED STATES MAGISTRATE JUDGE